**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE**

**CASE NO.:**

PPINC LLC d/b/a
PREMIER PRODUCE,

      Plaintiff,

vs.

SCOTT DANNER,

      Defendant.

_____/

**NOTICE OF REMOVAL**

COMES NOW Defendant Scott Danner, by and through undersigned counsel, and herby files this Notice of Removal and removes this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Defendant states the ground for removal as follows:

**I.      PROCEDURAL REQUIREMENTS**

1.      There currently is pending in the Circuit Court of the Seventeenth Judicial District, in and for Broward County, Florida, a civil action styled *PPINC LLC d/b/a Premier Produce v. Scott Danner*, Case No. CACE-21-22466.  The Complaint was filed on December 27, 2021, and service of process was obtained on Defendant on January 3, 2022.

2.      Copies of all process, pleadings, and orders received to date by Defendant in this action are attached as **Exhibit A** and incorporated herein.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

1

provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

4. Venue is proper in this Court because the Circuit Court of the Seventeenth Judicial District, in and for Broward County, Florida is within the Southern District of Florida. 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will file written notice of this removal with the Clerk of the Circuit Court of the Seventeenth Judicial District, in and for Broward County, Florida, where Plaintiff's Complaint is currently pending.

## II.   DIVERSITY OF CITIZENSHIP

6. Plaintiff Premier Produce is a Delaware limited liability corporation authorized to do business in Florida, with a principal place of business at 2672 SW 36th Street, Dania Beach, Florida, 33312. Exhibit A, Plaintiff's Complaint ¶ 2.

7. Citizenship is the key fact in establishing diversity for a natural person. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d, 1254, 1257 (11th Cir. 2002). A natural person's domicile their "true, fixed, and permanent home and principal establishment, and to which he has the intent of returning…." *Id.* at 1258, citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) cert. denied, 419 U.S. 842 (1974). Domicile requires a showing of (1) physical presence in the state and (2) intent to remain. *Id.* at 1258.

8. Defendant is an individual who is domiciled in Kansas City, Missouri. Defendant sold his real property in Florida on or about June 1, 2021. **Exhibit B**, Affidavit of Scott Danner, ¶ 2. He does not currently own any real property in the State of Florida. *Id.* Defendant relocated to Kansas City, Missouri on or about June 8, 2021. *Id.* at ¶3. He is registered to vote in Missouri,

his vehicle is registered in Missouri, he has a Missouri driver's license and bank account, and has established a primary care physician in Missouri. *Id.* at ¶¶4-8. Defendant is the General Manager for C&C Produce, a Missouri business located in North Kansas City, Missouri. *Id.*

9.      For the above reasons, Defendant Danner is domiciled in the State of Missouri and has established and intent to remain in the state. *See McCormick*, 293 F.3d at 1258.

10.      As Plaintiff is a citizen of Delaware and Florida, and Defendant is a citizen and domiciled in the state of Missouri, diversity of citizenship exists.

### III.    AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.      Plaintiff seeks to recover its damages including "disgorgement of [Danner's] salary since at least as early as 2017, pre-judgment interest, attorney's fees, [and] court costs." Exhibit A, Plaintiff's Complaint, ¶ 22.

12.      As part of these alleged damages, Plaintiff claims that Defendant's actions cost it savings in excess of $500,000 due to inventory loss, and years of Defendant's salary (that it would allegedly have saved by terminating his employment "years" earlier) of $900,000. *See* Exhibit A, Plaintiff's Complaint, ¶ 15.

13.      Plaintiff's Petition alleges damages in excess of $1.4 million, well over the jurisdictional limit of $75,000.   28 U.S.C. § 1332(a).   Therefore, this case is removable because diversity of citizenship exists and the amount in controversy exceeds $75,000.

14.      This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

WHEREFORE, based on the above and foregoing, Defendant Scott Danner removes this action from the Circuit Court of the Seventeenth Judicial District, in and for Broward County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3

Respectfully Submitted,

Robyn S. Hankins
Florida Bar No. 0008699
robyn@hankins-law.com
ROBYN S. HANKINS, P.L.
4600 Military Trail, Suite 217
Jupiter, FL 33458
Telephone: (561) 721-3890
Facsimile: (561) 721-3889
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on this 1st day of February, 2022 on all counsel or parties of record on the Service List below:

Signature of Filer

Robert E. Goldman, Esquire
Florida Bar No. 740799
robert@goldmanlaw.com
LAW OFFICE OF ROBERT E. GOLDMAN
I East Broward Blvd., Ste. 700 Ft.
Lauderdale, FL 33301
Tel: (954) 745-7450
Fax: (954) 745-7460
*Attorney for Plaintiff*
*PPINC, LLC*

4

EXHIBIT A

ALL PLEADINGS FILED IN

BROWARD COUNTY STATE COURT

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

PPINC LLC
Plaintiff

Case # _____

Judge _____

vs.
<u>SCOTT DANNER</u>
Defendant

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/27/2021 12:30:43 PM.****

Filing # 140951473 E-Filed 12/27/2021 12:30:45 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE 21-022466 (Div. 03)

PPINC LLC d/b/a
PREMIER PRODUCE,

      Plaintiff,

vs.

SCOTT DANNER,

      Defendant.

_____/

## COMPLAINT

Plaintiff PPINC LLC d/b/a PREMIER PRODUCE sues Defendant SCOTT DANNER ("Danner"), and alleges:

1. This is an action for monetary damages in excess of $1.4 million, exclusive of interest, costs, and attorney's fees.

2. Plaintiff Premier Produce is a Delaware limited liability corporation that is authorized to do business in Florida, and its principal place of business is at 2672 SW 36th Street, Dania Beach, FL 33312.

3. Defendant Danner is an individual who at all material times was a Florida resident.

### PREMIER PRODUCE EMPLOYS DANNER

4. Premier Produce is a food service company that buys and sells perishable agricultural commodities to customers.

5.     On November 19, 2014, Premier Produce and Danner signed an Employment Agreement whereby Danner became the President of, and a minority owner of, Premier Produce. A redacted copy of his Employment Agreement is attached hereto at Exhibit "A."

6.     During the time that Danner was President, he was in charge of overseeing all aspects of the company, including purchasing, sales, finance, accounts receivables, accounts payables, warehouse operations, inventory, transportation, and safety and compliance, and he reported the company's financial results to the other owners on a weekly basis.

## PREMIER PRODUCE'S PRIMARY ASSET: INVENTORY

7.     Premier Produce's primary asset is its inventory of perishable agricultural commodities ("produce"), which it stores in its cooled warehouse.

8.     Like all produce companies, Premier Produce monitors its level of "inventory loss" of produce in is accounting software named "Produce Pro." Inventory loss results from various causes, such as spoilage, damage that occurs during transit to/from its warehouse, damage that occurs when the produce is moved within its warehouse, recalls, theft, and receiving errors.

9.     Each week the owners of Premier Produce would be given financial statements so that they could oversee operating results, and those financials would reflect the level of inventory loss.

10.     A key metric in measuring Danner's performance was his ability to minimize inventory loss.

## DANNER'S SCHEME

11.     During early 2021, Premier Produce scrutinized Danner's performance, and gradually discovered his below-described Scheme and his other wrongdoings.

12.     On or before September 14, 2017, Danner implemented a scheme to understate the true level of inventory losses occurring from ordinary operations to prevent it from appearing on the weekly financials given to the owners, and thereby prevent the owners from discovering his inability to minimize inventory losses (referred to herein as the "Scheme").

13.     Step 1: Freeze/Suspend Inventory.  When Danner was told that an inventory loss occurred, he would instruct an employee (someone on the inventory control team, or someone in the purchasing department) to "freeze" the inventory in Produce Pro.  This would put the inventory in a suspended state rather than reflecting it as either still being in inventory or as an inventory loss, and in that way it would not flow through to the companies' financial statements, and so the financial statements would understate the inventory loss and overstate the net profits.

14.     Step 2: Unfreeze/Unsuspend Inventory and Disguise It.  To reduce the growing level of frozen/suspended inventory, Danner would instruct employees to unfreeze/unsuspended inventory and disguise it primarily using one of two methods:

a.     Catastrophic Events.  When Premier Produce suffered an inventory loss due to a catastrophic event (such as from a hurricane or the Covid-19 pandemic), Danner would instruct an employee to unfreeze/unsuspended lots of inventory and code them as if they too had resulted from the catastrophic event (such his use of the "DHI" code for the Covid-19 pandemic), and in that way he disguised that the inventory loss had really resulted from normal operations.

b.     Supplier Credits. When Premier Produce received a monetary "credit" from a supplier of produce due to a claim, Danner would instruct an employee to unfreeze/unsuspend lots of inventory and apply the credit to them using the repack function in Produce Pro, which would effectively make the inventory loss vanish.

3

15.   But for the Scheme, Premier Produce's other owners would have discovered the high level of inventory loss arising from ordinary operations at least as early as 2017, and having learned same Premier Produce would have:

a.   taken steps to reduce the inventory loss resulting in savings estimated to be in excess of $500,000.00; and

b.   terminated Danner's employment resulting in saving several years of his salary estimated to be in excess of $900,000.00.

16.   In addition to the foregoing, Premier Produce discovered that when a customer paid for produce in "cash" Danner would instruct an employee to deposit the cash into the employee's personal bank account, and Danner did not provide the company with an accounting of such cash (an accounting will be sought in this suit).

17.   Premier Produce also discovered that Danner failed to create and implement a competent credit policy for customers resulting in the company selling produce to customers in amounts beyond their creditworthiness, resulting in high amounts of bad debt that had to be written off.

18.   On March 31, 2021, Premier Produce terminated Danner's employment.

## COUNT I

## BREACH OF EMPLOYMENT AGREEMENT

19.   Premier Produce repeats its prior allegations in paragraph 1 – 18.

20.   Danner's Employment Agreement provides that

"Executive . . . shall diligently, faithfully, and competently perform his duties and responsibilities hereunder."

21.     During at least the last two years of his employment, Danner breached his contractual obligations to Premier in his Employment Agreement by, among other things, by creating and implementing the Scheme to conceal the true level of inventory loss, by permitting an employee to hold cash belonging to the company in the employee's personal account, and by failing to create and implement a competent credit policy.

22.     Danner's breach of his duties in the Employment Agreement caused Premier Produce to suffer damages.

WHEREFORE, Premier Produce demands judgment against Danner for its damages, disgorgement of his salary since at least as early as 2017, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

## COUNT II

### BREACH OF FIDUCIARY DUTY AS PRESIDENT OF PREMIER PRODUCE

23.     Premier Produce repeats its prior allegations in paragraph 1 – 18.

24.     At all material times Danner was the President of Premier Produce, and Premier Produce placed trust in him, and he accepted that trust, and so he owed fiduciary duties to Premier Produce.

25.     During at least the last two years of his employment, Danner breached his fiduciary duties as President of Premier Produce to Premier Produce by, among other things, creating and implementing the Scheme to conceal the true level of inventory loss, by permitting an employee to hold cash belong to the company in the employee's personal account, and by failing to create and implement a competent credit policy.

26.     Danner's breach of his fiduciary duties to Premier Produce caused it to suffer damages.

WHEREFORE, Premier Produce demands judgment against Danner for its damages, disgorgement of his salary since at least as early as 2017, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

## COUNT III

### BREACH OF FIDUCIARY DUTY AS AN OWNER OF PREMIER PRODUCE

27.     Premier Produce repeats its prior allegations in paragraph 1 – 18.

28.     At all material times Danner was an owner of Premier Produce, and Premier Produce placed trust in him, and he accepted that trust, and so he owed fiduciary duties to Premier Produce.

29.     During at least the last two years of his employment, Danner breached his fiduciary duties as an owner of Premier Produce to Premier Produce by, among other things, creating and implementing the Scheme to conceal the true level of inventory loss, by permitting an employee to hold cash belong to the company in the employee's personal account, and by failing to create and implement a competent credit policy.

30     Danner's breach of his fiduciary duties to Premier Produce caused it to suffer damages.

WHEREFORE, Premier Produce demands judgment against Danner for its damages, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

6

## COUNT IV

### BREACH OF DUTY OF LOYALTY

31.     Premier Produce repeats its prior allegations in paragraph 1 – 18.

32.     At all material times Danner was the President and an employee of Premier Produce, and as such he owed a duty of loyalty to Premier Produce.

33.     During at least the last two years of his employment, Danner breached his duty of loyalty to Premier Produce by, among other things, creating and implementing the Scheme to conceal the true level of inventory loss, by permitting an employee to hold cash belong to the company in the employee's personal account, and by failing to create and implement a competent credit policy.

34.     Danner's breach of his duty of loyalty to Premier Produce caused it to suffer damages.

WHEREFORE, Premier Produce demands judgment against Danner for its damages, disgorgement of his salary since at least as early as 2017, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Premier Produce demands a trial by jury as to all issues so triable.

By: s/Robert E. Goldman
Robert E. Goldman, Esq.
Florida Bar Number: 740799
Robert@goldmanlaw.com
LAW OFFICE OF ROBERT E. GOLDMAN
1 East Broward Blvd., Ste. 700
Fort Lauderdale, FL 33301
Tel: (954) 745-7450
Fax: (954) 745-7460
*Attorney for Plaintiff Premiere Produce*

7

## EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT (this "Agreement") is dated as of November 19, 2014, by and between PPINC LLC, a Delaware limited liability company d/b/a Premier Produce (the "Company"), and SCOTT DANNER ("Executive").

RECITALS:

A.    Concurrently with the execution and delivery of this Agreement, the Company is accepting the contribution of substantially all of the assets and good will, and assuming certain liabilities, of Premier Produce, Inc., a Florida corporation ("Target"), pursuant to that certain Asset Contribution Agreement dated the date hereof to which the Company and Target are parties (the "Purchase Agreement").

B.    The Company will be engaged in the business of, among other things, wholesale distribution of fresh produce and dairy products to customers in the locations where it markets its business (the "Business").

C.    The Company shall be managed pursuant to Limited Liability Company Agreement of the Company, as the same may be amended from time to time (the "LLC Agreement"), to which Executive is a party.

D.    Executive will be actively involved in the Business as an officer, employee, officer and member of the Company. Executive will be exposed to certain of the Company's confidential and proprietary information during the course of Executive's employment with the Company. Executive's involvement or participation in a business which is competitive with the Company, disruption of the Company's business relationships, or misappropriation or unauthorized use of the Company's confidential and proprietary information would have a material adverse impact on the Company and its business operations.

E.    The Company desires to retain the services of Executive and Executive desires to be retained by the Company on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the covenants, representations and warranties contained herein, the parties hereto agree as follows:

1.    Employment. The Company hereby agrees to engage Executive to render employment services to the Company, and Executive hereby accepts such engagement and agrees to provide employment services to the Company, upon the terms and conditions set forth in this Agreement.

2.    At-Will Status. Executive's employment with the Company shall be on an "at-will" basis and subject to termination by the Company at any time for any reason whatsoever, with or without cause. Likewise, Executive can terminate his employment with the Company at any time for any reason whatsoever, with or without cause.

3.    Duties and Responsibilities. Executive shall serve as President of the Company and shall have such normal and customary duties and responsibilities commensurate with his position as the Company's Board of Managers (the "Board") shall determine from time to time in its sole and absolute discretion. Executive shall report to the Board and such other person or persons as the Board may designate from time to time. In addition to, or in lieu of, the foregoing, Executive also shall perform such

PFS:006842.0001.1055510.11                **EXHIBIT "A"**

other and unrelated services and duties as may be assigned to him from time to time by the Board or such other person or persons as the Board may designate. Executive shall devote his best efforts and all of his business time and attention to the business and affairs of the Company and shall diligently, faithfully and competently perform his duties and responsibilities hereunder.



2

PFS:006842.0001.1055510.11



(a)     Certain Definitions. For purposes hereof:

"Cause" means the occurrence of any one of the following on the part of Executive:  (i) conviction of or a plea of *nolo contendre* to a felony, act of moral turpitude or other behavior which interferes with Executive's performance of his duties and responsibilities to the Company or affects or reflects on the Company in a negative manner; (ii) attempted or actual theft, fraud or embezzlement of money or tangible or intangible assets or property of the Company or its employees or business relations; (iii) gross negligence or willful misconduct in respect of Executive's performance of his duties and responsibilities to the Company; (iv) breach of Executive's fiduciary duties to the Company; (v) violation of any express direction from the Board or any officer of the Company to whom Executive reports, relating to the Executive's duties and responsibilities commensurate with his position, or failure to meet objective performance metrics established by the Board, which such violation or failure (if susceptible to cure) continues or is repeated following fifteen (15) days' written notice from the Company to Executive thereof; (vi) breach of any obligation of confidentiality or restrictive covenant under this Agreement or otherwise; or (vii) breach of any other material term, covenant, representation or warranty contained in this Agreement, which such breach (if susceptible to cure) remains uncured or is repeated following fifteen (15) days' written notice from the Company to Executive thereof;

PFS:006842.0001.1055510.11



7.      Termination.

        (a)      Termination by the Company for Cause or by Reason of Death or Disability. The Company shall have the right to terminate Executive's employment hereunder for Cause, effective immediately, in the event of Executive's death, effective as of the date of Executive's death, or in the event of Executive's Disability the by providing the Executive with a written notice of termination at least thirty (30) days prior to such termination, then the Company shall pay to Executive his then current Base

PFS:006842.0001.1055510.11

Salary and Benefits accrued, and any expenses for which Executive is entitled to be reimbursed, up to and including the effective date of such termination. Executive shall not be entitled to any other salary, bonus, benefits or other compensation as a result of termination pursuant to this section.



8

PFS:006842.0001.1055510.11



12.    Governing Law; Venue. This Agreement will be construed, administered, and governed in all respects in accordance with applicable federal law and the laws of the state of Florida without regard to conflicts of law provisions. Any action or proceeding to enforce or arising out of this Agreement shall be commenced in the state courts, or in the United States District Court, in Broward County, Florida.

13.    Attorneys' Fees. If a party hereto has been found to have violated any of the terms of Section 5 or 6 hereof, either after a preliminary injunction hearing or a trial on the merits, the violating party shall pay to the other party the other party's costs and expenses, including reasonable attorneys' fees, in enforcing the terms thereof.

14.    Continuing Obligation. The covenants, obligations, duties and liabilities of Executive pursuant to Sections 5 and 6 hereof are continuing, absolute and unconditional and shall remain in full force and effect as provided herein. Executive's obligations under Sections 5 and 6 survive termination of employment and termination of this Employment Agreement. The covenants contained in Sections 5 and 6 are independent covenants and the Company's breach of any other Section of this Agreement shall not relieve Executive of his obligations under Sections 5 and 6 of this Agreement.

9

PFS:006842.0001.1055510.11

15. <u>Waiver</u>. The waiver by the Company or Executive of any breach of any term or condition of this Agreement shall not be deemed to constitute the waiver of any other breach of the same or any other term or condition hereof.

16. <u>Notices</u>. Any notice, request, consent or communication under this Agreement shall be effective only if it is in writing and shall be deemed to have been given when personally delivered or three (3) days after being deposited in the United States mail, certified or registered, postage prepaid, return receipt requested and addressed to the party at the following address:

| | |
|---|---|
| If to Executive: | Scott Danner<br>2798 SW 32nd Avenue<br>Pembroke Park, Florida 33023 |
| If to the Company: | PPInc LLC<br>c/o Sun Commodities, Inc.<br>2230 SW 2nd Street<br>Pompano Beach, Florida 33069<br>Attn:   Michael Leslie |
| | And |
| | c/o Produce Alliance, LLC<br>100 Lexington Drive<br>Suite 201<br>Buffalo Grove, Illinois 60089<br>Attn:  Robert Feldgreber |
| with copy to: | Patzik, Frank & Samotny Ltd.<br>150 South Wacker Drive<br>Suite 1500<br>Chicago, Illinois 60606<br>Attn:   Alan B. Patzik, Esq.<br>         Tan H. Le, Esq. |

Provided the address of any party may be changed by notice in writing to the other party duly served in accordance with this section.

17. <u>Miscellaneous</u>. This Agreement may be executed in two or more counterparts (including via facsimile), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. This Agreement embodies the entire agreement and understanding of the parties hereto in respect of the subject matter contained herein.   There are no restrictions, promises, representations, warranties, covenants or undertakings, other than those expressly set forth or referred to herein. This agreement supersedes all prior agreements and understandings (whether oral or written) between the parties (or between the Company and Executive) with respect to such subject matter. No amendment of any provision of this Agreement shall be valid unless the same shall be in writing and signed by the Company and Executive.

*[Signature Page Follows]*

PFS:006842.0001.1055510.11                                                10

IN WITNESS WHEREOF, the parties hereto have made and entered into this Employment Agreement the date first hereinabove set forth.

THE COMPANY:                                          EXECUTIVE:

PPINC LLC

By:
Name:        ROBERT FEINGLEBEN         SCOTT DANNER
Its:              CEO

### IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN
### AND FOR BROWARD COUNTY, FLORIDA

Case No: Cace 21-22466

PPINC, LLC

Plaintiff

Judge Division: 03

VS

Scott Danner

Defendant

FILED
DEC 27 2021
By

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:

None

Brenda D. Forman
Circuit and County Courts

By: J. Calixte

Deputy Clerk

Filing # 140951473 E-Filed 12/27/2021 12:30:45 PM

# IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

PPINC LLC d/b/a
PREMIER PRODUCE,

      Plaintiff,

vs.

SCOTT DANNER,

      Defendant.

_____/

**<u>SUMMONS:</u>**
**<u>PERSONAL SERVICE ON</u>**
**<u>A NATURAL PERSON</u>**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the Defendant named below:

      Scott Danner
      1312 Guava Isle
      Ft. Lauderdale, FL 33315

**<u>IMPORTANT</u>**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 12/27/2021 12:30:43 PM.****

Filing # 142068500 E-Filed 01/16/2022 04:22:57 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL DISTRICT,
IN AND FOR BROWARD COUNTY,
FLORIDA

**CASE NO.:CACE-21—22466 DIVISION 03**

PPINC LLC d/b/a
PREMIER PRODUCE,

       Plaintiff,

v.

SCOTT DANNER,

       Defendant.

_____/

## NOTICE OF APPEARANCE
## AND DESIGNATION OF EMAIL ADDRESS

    Robyn S. Hankins, Esq., hereby appears as counsel for Defendant, Scott Danner, in this

matter.

    Pursuant to Florida Rule of Judicial Administration 2.516, effective September 1, 2012,

the following individuals are hereby designated with the respective e-mail addresses for service of

pleadings and documents in this lawsuit:

        Primary Email Address:    robyn@hankins-law.com
        Secondary Email Address:  scott@hankins-law.com

DATED this 16th day of January, 2022.

Filing # 142465871 E-Filed 01/23/2022 01:26:19 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL DISTRICT,
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.:CACE-21—22466 DIVISION 03

PPINC LLC d/b/a
PREMIER PRODUCE,

       Plaintiff,

v.

SCOTT DANNER,

       Defendant.

_____/

## UNOPPOSED MOTION TO ENLARGE TIME
## TO RESPOND TO COMPLAINT

    Defendant, Scott Danner, hereby files this motion to enlarge time to respond to the complaint until and including February 21, 2022. Plaintiff does not oppose this motion.

                       Respectfully Submitted,

                       Robyn S. Hankins
                       Florida Bar No. 0008699
                       ROBYN S. HANKINS, P.L.
                       4600 Military Trail, Suite 217
                       Jupiter, FL 33458
                       Telephone: (561) 721-3890
                       Facsimile: (561) 721-3889
                       robyn@hankins-law.com

Case Number: CACE-21-022466 Division: 03

Filing # 140951473 E-Filed 12/27/2021 12:30:45 PM

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.:

PPINC LLC d/b/a
PREMIER PRODUCE,

        Plaintiff,

vs.

SCOTT DANNER,

        Defendant.

_____/

**SUMMONS:
PERSONAL SERVICE ON
A NATURAL PERSON**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy
of the Complaint in this lawsuit on the Defendant named below:

Scott Danner
1312 Guava Isle
Ft. Lauderdale, FL 33315

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case number given above and the
names of the parties, must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other legal requirements.
You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response
to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's
Attorney" named below.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/27/2021 12:30:43 PM.****

DATED on _____, 2021

                                                BRENDA D. FORMAN
                                                As Clerk of the Court

DEC 27 2021

By:_____
           As Deputy

           **BRENDA D. FORMAN**

Plaintiff/Plaintiff's Attorney:
Robert E. Goldman, Esquire
LAW OFFICE OF ROBERT E. GOLDMAN
1 East Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33301
Tel: (954) 745-7450
Fax: (954) 745-7460
robert@goldmanlaw.com
Florida Bar No. 740799

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous

2

etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:
Robert E. Goldman, Esquire
LAW OFFICE OF ROBERT E. GOLDMAN
1 East Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33301
Tel: (954) 745-7450
Fax: (954) 745-7460
Florida Bar No. 740799

3

EXHIBIT B

AFFIDAVIT OF SCOTT DANNER

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.:

PPINC LLC d/b/a
PREMIER PRODUCE,

        Plaintiff,

vs.

SCOTT DANNER,

        Defendant.

_____/

## AFFIDAVIT OF SCOTT DANNER IN SUPPORT OF NOTICE OF REMOVAL

I, Scott Danner, being first duly sworn upon my oath, state as follows:

1. I am over the age of 18 and I have personal knowledge of the information set forth below.

2. On or about June 1, 2021, I closed on the sale of my real property in Florida. I do not own any property in Florida.

3. I moved to Missouri on or about June 8, 2021. My current address is 6321 N. Klamm Road, Apt. 311, Kansas City, Missouri 64151.

4. I am registered to vote in the State of Missouri.

5. My vehicle is registered in Missouri.

6. I have a Missouri driver's license.

7. I've established a primary care physician in Parkville, Missouri.

8. I have a Missouri bank account.

1

9.     I am currently employed as the General Manager of C&C Produce, a Missouri company located in North Kansas City, Missouri.

**FURTHER AFFIANT SAITH NAUGHT.**

Signature: _____

Printed Name: _____

STATE OF ___MO___ )

                    ) ss.

COUNTY OF ___Jackson___ )

Subscribed and sworn to before me this __31st__ day of __January__, 2022 by_ _Scott Danner_.

_____
Notary Public

My Commission Expires:

__2/28/2025__